UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORWIN RINNES THOMPSON,

   Petitioner,

v.

              Case No. 1:09-cv-01044

              Hon. Robert J. Jonker

LLOYD RAPELJE,

   Respondent.
_____/

**REPORT AND RECOMMENDATION**

   Petitioner, Corwin Rinnes Thompson, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

   **I.**  **Background**

   On December 17, 2007, following a jury trial, petitioner was convicted of assault with intent to commit murder, M.C.L. § 750.83, and possession of a firearm during the commission of a felony. M.C.L § 750.227b. Petitioner's conviction arose from an incident on August 21, 2006, where he aimed a gun at Aaron Vasquez and Anthony Guzman, and fired. The bullet missed Vasquez's head by one foot. Petitioner left the scene. *People v. Thompson*, No. 283761, slip op. at 1-5 (Mich. App. June 25, 2009) (docket no. 18). The court sentenced petitioner to 135 to 240 months imprisonment for the assault with intent to commit murder and 24 months for the felony-firearm conviction, the sentences to be served consecutively. *People v. Thompson*, No. 283761, slip op. at 1; Sentencing Trans. (Dec. 17, 2007) at 15-16 (docket no. 15).

Petitioner, through counsel, appealed his convictions, raising the following issue in the Michigan Court of Appeals:

I. Did the trial court err in instructing the jury that it could consider [petitioner]'s "flight" as evidence of guilt in the absence of any evidence whatsoever that [petitioner] left the scene in an effort to evade prosecution on these charges?

Petitioner's Brief on Appeal (docket no. 17).

Petitioner also filed a supplemental brief appealing his convictions, raising the following issues in the Michigan Court of Appeals:

I. Was [petitioner] entitled to resentencing where the trial court relied on improperly scored guidelines, in violation of his right to due process under both state and federal constitutions?

II. Was there insufficient proof of the required element of "intent to kill", and did the trial court commit reversible error when it denied [petitioner]'s motion for directed verdict, in violation of his constitutional right to a fair trial and due process under both state and federal constitutions?

III. Was [petitioner]'s constitutional right to a fair trial and to due process of law violated when there was insufficient evidence presented to the jury to sustain a conviction on assault with intent to commit murder?

Petitioner's Supplemental Brief (docket no. 17). The Court of Appeals affirmed his conviction. *People v. Thompson*, No. 283761.

Petitioner filed *pro per* application for leave to appeal to the Michigan Supreme Court raising the same four issues, which that court denied. *People v. Thompson*, No. 139323 (Mich. Oct. 26, 2009).

Thompson subsequently filed the present habeas petition raising four issues as follows:

>   I. The trial court erred in instructing the jury that it could consider [petitioner]'s "flight" as evidence of guilt, in the absence of any evidence whatsoever that [petitioner] left the scene in an effort to evade prosecution on these charges.
>
>   II. [Petitioner] is entitled to resentencing where the trial court relied on improperly scored guidelines, in violation of his right to due process under both state and federal constitutions.
>
>   III. Where there was insufficient proof of the required element of "intent to kill," the trial court commit reversible error when it denied [petitioner]'s motion for directed verdict, in violation of his constitutional right to a fair trial and due process under both state and federal constitutions.
>
>   IV. [Petitioner]'s constitutional right to a fair trial and to due process of law were violated when there was insufficient evidence presented to the jury to sustain a conviction on assault with intent to commit murder.

Petitioner's Brief on Appeal.

> **II.    (Issue I) Procedurally defaulted claim**

Respondent contends that Issue I is barred from habeas review under the procedural default doctrine because it was not raised at trial. The court agrees. Where "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A procedural default "provides an independent and adequate

state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice." *Gray v. Netherland*, 518 U.S. 152, 162 (1996). Not every state procedural rule will warrant application of the procedural default doctrine**.** Only a state procedural rule that was "'firmly established and regularly followed' by the time as of which it [was] to be applied," *Ford v. Georgia*, 498 U.S. 411, 424 (1991), will support application of the doctrine. "For a habeas claim to be procedurally defaulted on the basis of a state procedural rule, the petitioner must have violated a procedural rule, but the state court mus also have based its decision on the procedural default." *Simpson v. Jones*, 238 F.3d 399, 407 (6th Cir. 2000).

The Michigan Court of Appeals performed only a "plain error" review of Issue I because petitioner failed to properly preserve this issue for appellate review. Specifically, petitioner's appeal involved a constitutional challenge which was never raised in the trial court. *People v. Thompson*, 283761 at 5-7.

Petitioner's failure to comply with the state's contemporaneous-objection rule resulted in a procedural default to this issue for purposes of federal habeas review. *See, e.g., Hall v. Vasbinder*, 563 F.3d 222, 236 (6th Cir. 2009); *Ege v. Yukins*, 485 F.3d 364, 378 (6th Cir. 2007). The state court's plain error analysis did not save petitioner from the procedural default of this issue. *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006). "Plain error analysis is more properly viewed as a court's right to overlook procedural defects to prevent manifest injustice, but is not equivalent to a review of the merits." *Id. See also, Paprocki v. Foltz*, 869 F.2d 281, 284-85 (6th Cir. 1989) (limited review of an issue to prevent manifest injustice does not constitute a waiver of the procedural default).

Accordingly, petitioner's Issue I is procedurally defaulted for purposes of this habeas review.

Habeas review of a procedurally defaulted claim is precluded unless petitioner can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law," or that a failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. "[T]he existence of cause for a procedural default must turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Petitioner does not set forth any cause for this default. Petitioner's failure to demonstrate cause prevents federal review of his habeas claims unless the court's failure to do so will result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. In *Schlup v. Delo*, 513 U.S. 298, 321 (1995), the Supreme Court described the limited nature of the fundamental miscarriage of justice exception:

> To ensure that the fundamental miscarriage of justice exception would remain "rare" and would only be applied in the "extraordinary case," while at the same time ensuring that the exception would extend relief to those who were truly deserving, the Court explicitly tied the miscarriage of justice exception to the petitioner's innocence.

To meet the threshold requirement for actual innocence, a petitioner must persuade the court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* At 329. In the procedural default context, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998). "To be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence whether it be exculpatory

5

scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner offers no such new evidence that he is actually innocent of the crimes for which he was convicted. He has failed to meet the fundamental miscarriage of justice exception. Petitioner's Issue I is procedurally barred and not subject to federal habeas review.

### III. Petitioner's remaining habeas claims

#### A. Standard of review under 28 U.S.C. § 2254

Petitioner seeks relief under 28 U.S.C. §2254, which provides that "a district judge shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Before petitioner may seek such relief in federal court, however, he must first fairly present the substance of his claims to all available state courts, thereby exhausting all state remedies. *Picard v. Connor*, 404 U.S. 270, 277-78 (1981); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *see* 28 U.S.C. §2254(b)(1)(A). Here, petitioner has exhausted the issues raised in his petition.

Where the state court has adjudicated a claim on its merits, the federal district court's habeas corpus review is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides in pertinent part that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The AEDPA "imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, -- U.S. --, 130 S.Ct. 1855, 1862 (2010) (internal quotation marks omitted). "Under the 'contrary to' clause, a federal habeas court may grant the writ only if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decided the case differently than the Supreme Court has on a set of materially indistinguishable facts." *Jalowiec v. Bradshaw*, 657 F.3d 293, 301 (6th Cir. Sept. 7, 2011), citing *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "Under the 'unreasonable application' clause, a federal court may grant the writ only if the state court identified the correct governing legal principle from the Supreme Court's decisions but unreasonably applied that principle to the facts of the petitioner's case." *Id.* A court may not issue a writ of habeas corpus "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411. Rather, to grant habeas relief, the state court's application of the law must be found to be "objectively unreasonable." *Id.* at 409.

A determination of a factual issue by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). A habeas petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence that the state court's determination was erroneous. *Magana v. Hofbauer*,

7

263 F.3d 542, 546-47 (6th Cir. 2001). The presumption of correctness accorded to a state court's findings of fact on federal habeas review also applies to the factual findings of a state appellate court based on the state trial record. *Brumley v. Winegard*, 269 F.3d 629 (6th Cir. 2001).

> **B.  (Issue II) [Petitioner] is entitled to resentencing where the trial court relied on improperly scored guidelines, in violation of his right to due process under both state and federal constitutions.**

### 1. Legal standard

In *Pulley v. Harris*, 465 U.S. 37, 41 (1984), the Supreme Court held that "a federal court may not issue the writ on the basis of a perceived error of state law." The computation of a petitioner's prison term is a state law issue, and is not cognizable on federal habeas review. *Kipen v. Renico*, 65 Fed. Appx. 958, 959 (6th Cir. 2003), citing *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). "As long as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining 'the type and extent of punishment for convicted defendants.'" *Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000), quoting *Williams v. New York*, 337 U.S. 241, 245 (1949).

However, federal courts can review a state sentence which violates the due process clause, because "[d]efendants have a federal due process right to a sentence based upon accurate information." *Cox v. Curtin*, 698 F.Supp.2d 918, 949 (W.D. Mich. 2010). In such cases, "[i]t is not the duration or severity of this sentence that renders it constitutionally invalid; it is the careless or designed pronouncement of the sentence on a foundation so extensively and materially false, which the prisoner had no opportunity to correct by the services which counsel would provide, that renders the proceedings lacking due process." *Townsend v. Burke*, 334 U.S. 736, 741 (1948), *see United*

8

*States v. Tucker*, 404 U.S. 443, 447 (1972) ("we deal here, not with a sentence imposed in the informed discretion of a trial judge, but with a sentence founded at least in part upon misinformation of constitutional magnitude"). "To demonstrate a due process violation 'the defendant must establish that the challenged evidence is materially false or unreliable, and that such false or unreliable information actually served as the basis for the sentence.'" *United States v. Jones*, 40 Fed.Appx. 15, 17 (6th Cir. 2002), quoting *United States v. Silverman*, 976 F.2d 1502, 1512 (6th Cir. 1992) (emphasis deleted) and *United States v. Robinson*, 898 F.2d 1111, 1116 (6th Cir. 1990). Evidence relied upon at sentencing may pass the due process requirement provided that it bears "some minimal indicia of reliability." *Robinson*, 898 F.2d at 1115.

**2.  Discussion**

Petitioner asserts that offense variable 9 (OV 9), which considers the number of victims, was incorrectly scored, pointing to the fact that one of the victims, Anthony Guzman, testified that he was never at the scene of the assault. Petitioner believes that Guzman's testimony proves that there was only one victim, rather than two, and that the ten points scored for having two to ten victims should have been scored as zero points. The Michigan Court of Appeals addressed petitioner's argument as follows:

> We hold that the trial court properly scored ten points for OV 9. MCL 777.39(1)(c) provides that ten points are scored if "[t]here were 2 to 9 victims placed in danger of physical injury." Although Thompson contends that Guzman was not present, and Guzman testified that he was not present at the time of the shooting, the trial court determined that "ample evidence" demonstrated that Guzman was in fact there when Thompson shot the gun and that Guzman's trial testimony was not credible. Adequate record evidence supported this decision. [FN32] Vasquez testified that Guzman was standing approximately four feet from him at the time Thompson fired the gun, and other witnesses corroborated that Guzman was present at the time of the shooting. (Footnote omitted).

*People v. Thompson*, No. 28376, at 8.

Petitioner does not present any new evidence to support his claim that his sentence was based on inaccurate information. Rather, petitioner desires to have the federal court review the state court's finding that there were two victims. A prisoner's disagreement with a state trial court's scoring of the sentencing guidelines does not create a constitutional due process issue. *Estelle*, 502 U.S. at 68. The trial court based Petitioner's sentence on "ample evidence" that there Guzman's testimony was not credible and that there were, in fact, two victims. *People v. Thompson*, No. 28376, at 8. This evidence met the due process requirement because it demonstrated "some minimal indicia of reliability." *Robinson*, 898 F.2d at 1115. Petitioner has not shown that the trial court relied on materially false or inaccurate information to serve as the basis for his sentence, and he is not entitled to relief on Issue II.

      **C.**     **Petitioner's Issues III and IV combined**

      **III.**    **Where there was insufficient proof of the required element of "intent to kill," the trial court committed reversible error when it denied [petitioner]'s motion for directed verdict, in violation of his constitutional right to a fair trial and due process under both state and federal constitutions.**

      **IV.**    **[Petitioner]'s constitutional right to a fair trial and to due process of law were violated when there was insufficient evidence presented to the jury to sustain a conviction on assault with intent to murder.**

      **1.**     **Sufficiency of the evidence**

      **i.**     **Legal standard**

In *In re Winship*, 397 U.S. 358 (1970), the Supreme Court held that the Fourteenth Amendment's Due Process Clause protects a criminal defendant against conviction "except upon

proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *Winship*, 397 U.S. at 364. Sufficient evidence supports a conviction if "after viewing the evidence in light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis added). In evaluating a sufficiency of the evidence claim, the court views both direct evidence and circumstantial evidence in the light most favorable to the prosecution, drawing all available inferences and resolving all issues of credibility in favor of the factfinder's verdict. *United States v. Rayburn*, 495 F.3d 328, 337-38 (6th Cir. 2007). The reviewing court must presume that the trier of fact resolved conflicting inferences of fact in favor of the prosecution, and must defer to that resolution. *Wright v. West*, 505 U.S. 277, 296-97 (1992).

### ii. Discussion

Petitioner contends there was insufficient evidence presented to the jury to sustain his conviction for assault with intent to commit murder. Specifically, petitioner contends that he lacked the requisite intent and points to a number of less serious crimes which he believes are consistent with the evidence presented at trial.

The crime of assault with intent to commit murder is codified at M.C.L. 750.83, which provides: "Any person who shall assault another with intent to commit the crime of murder, shall be guilty of a felony, punishable by imprisonment in the state prison for life or any number of years." The appellate court described the evidence pertaining to petitioner's intent, which led to his conviction for assault with intend to murder:

> Thompson also asserts that the evidence does not support that he had the intent to murder. Under the doctrine of transferred intent, Thompson's intent to murder Guzman may be transferred to Vazquez. [FN39] The intent to murder may

be established by circumstantial evidence and "by inference from any facts in evidence." [FN40] The jury may further infer intent to kill based on the use of a dangerous weapon. [FN41] In *People v. Hollis*, [FN42] there was sufficient evidence to convict the defendant of assault with intent to murder where that defendant aimed the gun at the victim, followed him and then aimed it again, claiming he only took the gun out to scare the victim. "A person takes out a handgun and knows there's a chance of great bodily harm. He aims at somebody and knows there's a good possibility of killing that individual and when he fires at an individual, he has to know the consequences that there's a great possibility that that person may be killed." [FN43]

Examining the evidence in the light most favorable to the prosecution, there was sufficient evidence to enable a rational trier of fact to conclude, beyond a reasonable doubt, that Thompson possessed the intent to murder in the present case. [FN44] The record reflects that the second time Thompson drove by Vazquez's house, he engaged in a heated argument with Guzman, pulled out the gun, and aimed it at Vazquez and Guzman while approximately 15 to 16 feet from them and that Vazquez and Guzman were within four feet of each other. Thompson "clicked" the gun twice, but when it did not discharge, he inspected the gun. He then re-aimed the gun at Guzman and Vazquez, discharged the gun, and drove off. The bullet passed within one foot above where Vazquez was standing, making a hole through the window of Vazquez's front porch and coming to rest inside the suspended ceiling on the porch.

The record also reflect that Thompson subsequently called Vazquez, asking him to tell police that "it was the Mexicans," indicating to Vazquez that "[y]ou don't gotta worry about me fucking with you" if he told police this, offering Vazquez money, and stating that "it wasn't even nothin' to do with you at all.... It was like that other mother fucker ya know.... Shot at...." Thompson admitted at trial that he drove by Vazquez's house, aimed the loaded gun, and fired it, although he claimed he aimed at the ground or a garbage can. Thompson further admitted that the bullet could have killed Vazquez if it had hit him in the head and that Thompson believed he was a "pretty good shot."

We conclude that the jury could infer Thompson's intent to kill based on the fact that he pointed a loaded gun at Guzman and Vazquez and fired it from a short distance of approximately 15 feet, causing the bullet to pass within one foot of Vazquez's head. [FN45] Additionally, the jury could infer Thompson's intent to murder based on his "beef" with and heated argument with Guzman. [FN46] Thompson's intent is further demonstrated by the fact that he took time to inspect the gun when it did not properly fire, and then intentionally fired it at Vazquez and Guzman again. [FN47] The jury heard Thompson's testimony that he only showed the gun "to scare them," that he shot at the ground or a garbage can, and that the hole in the window occurred on a prior occasion and we defer to the jury's determination

12

that this testimony was not credible. [FN48] Further, Thompson's contention that Guzman and Vazquez had "ample time to flee" does not negate the evidence of his intent. Thompson alternatively offers that the evidence could have established convictions for several other crimes. However, Thompson was never charged with any of the crimes he offers as alternatives on appeal.

> [FN39. See *People v. Lawton*, 196 Mich. App. 341, 350-51; 492 N.W.2d 810 (1992).]

> [FN40. *Warren, supra* at 588.]

> [FN41. *People v. DeLisle*, 202 Mich. App. 658, 672; 509 N.W.2d 885 (1993) (stating that the jury properly instructed to infer intent to kill from use of a dangerous weapon, in that case, a vehicle); CJI2d 17.8.]

> [FN42. *People v. Hollis*, 140 Mich. App. 589, 592-93; 366 N.W.2d 29 (1985).]

> [FN43. *Id.*]

> [FN44. See *People v. Wolfe*, 440 Mich. 508, 514-16; 489 N.W.2d 748 (1992), amended 441 Mich. 1201 (1992).]

> [FN45. See *Hollis, supra* at 592-93.]

> [FN46. See *Lawton, supra* at 350-51.]

> [FN47. See *Hollis, supra* at 592-93.]

> [FN48. See *Wolfe, supra* at 514-16.]

*People v. Thompson*, No. 28376, at 8-10.

Viewing the evidence in the light most favorable to the prosecution, sufficient evidence exists to support petitioner's conviction for assault with intent to commit murder. There was ample evidence to show that petitioner committed an assault and had an actual intent

to kill. Witnesses testified that petitioner loaded, aimed and fired a gun at the victim, striking the window just above the victim's head. Trial Trans. at 159-160 (Nov. 6 & 7, 2007) (docket no. 13). Had the bullet struck and killed the victim, it clearly would have been murder. *See,* Trial Trans. Excerpt: Thompson Testimony at 23-24 (Nov. 7, 2007) (docket no. 14). The state appellate court determined that a reasonable juror could find from the evidence that the essential elements of the crime were proven beyond a reasonable doubt, including Petitioner's intent to kill. The task of this court on habeas review is to determine whether federal law or the Constitution have been violated, not to substitute its own judgment on the merits. This decision was neither contrary to, nor involved an unreasonable application of, clearly established law as determined by the Supreme Court of the United States. Nor was it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.[1]

### IV. Recommendation

I respectfully recommend that Petitioner's habeas petition be **DENIED**. Rule 8, Rules Governing § 2254 Cases in the United States District Courts.


Dated: August 13, 2012                          /s/ Hugh W. Brenneman, Jr.
                                                HUGH W. BRENNEMAN, JR.
                                                United States Magistrate Judge

---

[1] Petitioner also claims that his constitutional rights were violated when the trial court denied his motion for a directed verdict. The Michigan Court of Appeals treated this alleged error as a claim of insufficient evidence. To the extent that petitioner seeks to raise a separate habeas claim arising from the denial of the motion for directed verdict, this claim is not cognizable on federal habeas review. *See King v. Trippett*, 27 Fed. Appx. 506 (6th Cir. 2001). (The contention that a state court erred by refusing to enter a directed verdict is a state law claim and not cognizable on federal habeas review. *King*, 27 Fed. Appx. at 510. (citing *Estelle*, 502 U.S. at 67-68.))

14

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LcivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).